UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN A. CROSS,

      Plaintiff,

v.     Case No. 1:07-CV-1260

COMMISSIONER OF SOCIAL     HON. GORDON J. QUIST
SECURITY,

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Commissioner's objections to the Magistrate Judge's Report and Recommendation issued on September 30, 2008, as well as Plaintiff's response to the Commissioner's objections. In his report and recommendation, the magistrate judge concluded that the Administrative Law Judge's (ALJ) determination that Plaintiff was no longer disabled as of August 1, 2005, should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for (1) re-evaluation of Plaintiff's reported side effects from his medication and the resulting limitations from those side effects; and (2) re-evaluation of Plaintiff's treating physician's medical assessment of Plaintiff's ability to do work-related activities.

With regard to the first basis for remand, the magistrate judge observed that Plaintiff had reported significant side effects from the experimental seizure medication he was taking through the program at the University of Michigan and those side effects were well documented. However, the magistrate judge concluded that the ALJ failed to address the nature of the side effects and the limitations they imposed upon Plaintiff's capacity to work. As for the second ground, the magistrate judge stated that the record did not support the ALJ's rejection of Dr. Minecan's February 2007 opinion that Plaintiff's seizures were uncontrollable as of February 2007. For example, the

magistrate judge stated that while Plaintiff had reported that his seizures were less severe in the early to middle part of 2006, by December of that year Plaintiff reported an increase in frequency. He also noted that the ALJ failed to explain how Plaintiff's reported activities in 2005 undermined Dr. Minecan's opinions in February 2007. In short, the magistrate judge concluded that the ALJ failed to give good reasons for rejecting Dr. Minecan's opinion.

Pursuant to 28 U.S.C. § 636 (b)(1)(C), "[w]ithin ten days after being served with a copy [of the report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *See also* Fed. R. Civ. P. 72(b)(2) (same). A party who properly files objections within ten days preserves its right to *de novo* review. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also Scott v. Alford*, No. 94-40486, 1995 WL 450216, at *2 (5th Cir. July 6, 1995). Untimely objections may result in a waiver of the right to *de novo* review by the district court. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citing *Webb v. Califano*, 468 F. Supp. 825, 828 (E.D. Cal. 1979)). *See also Advanced Microtherm, Inc. v. Norman Wright Mech.*, No. C 04-02266 JW, 2006 WL 1525695, at *3 (N.D. Cal. May 30, 1996) (noting that "district courts are not under a mandatory obligation to review the orders of a magistrate *de novo* when objections are untimely and unexcused").

A district court *may* review a report and recommendation *de novo* even where objections are late. *See, e.g., Smith v. Younger*, No. 98-5482, 1999 WL 623355, at *1 (6th Cir. Aug. 9, 1999). However, it is not obligated to even address them. *Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 450 (6th Cir. 2007) (stating that the district court "did address defendants' [untimely] principal objections to the report and recommendation even though it was under no obligation to do so"). Moreover, the United States Supreme Court has held that the Federal Magistrates Act, 28

2

U.S.C. § 636(b)(1)(C), does not mandate review under some lesser standard when a party has forfeited its right to *de novo* review by failing to file timely objections. *Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S. Ct. 466, 472 (1985). Thus, a number of courts, including courts within this district, have held that a failure to file timely objections not only waives the right to *de novo* review, but dispenses with the need for the district court to conduct any review. *See Southall v. City of Grand Rapids*, No. 1:08-CV-890, 2008 WL 4739163, at *2 (W.D. Mich. Oct. 29, 2008); *Jones v. United States*, No. 04-40238, 2007 WL 2852339, at *1 (E.D. Mich. Sept. 28, 2007) (stating "Petitioner's objections are untimely filed . . . [a]ccordingly, the Court need not conduct a review of the Report and Recommendation under any standard").

Rule 6 of the Federal Rules of Civil Procedure provides the framework for calculating the ten-day period for filing objections. First, with regard to all periods of time, the day of the event that begins the period is excluded. Second, the last day of the period is included unless it is a Saturday, Sunday, or legal holiday (in which case the last day is the next business day). Fed. R. Civ. P. 6(a)(1) and (3).[1] Finally, when the period is less than 11 days, "intermediate Saturdays, Sundays, and legal holidays" are excluded. Fed. R. Civ. P. 6(a)(2). As noted above, the magistrate judge issued his report and recommendation on September 30, 2008, and it was sent electronically to counsel on that date. The first day of the ten-day period was therefore October 1, 2008. Excluding all subsequent Saturdays and Sundays, as well as Columbus Day (October 13) – a legal holiday, *see* Fed. R. Civ. P. 6(a)(4)(A), the ten-day period expired on October 15, 2008. The Commissioner's objection, filed on October 16, was thus untimely.

Although Plaintiff objects to the Commissioner's late filing and the Commissioner has failed to provide an explanation for the late filing, the Court has reviewed the report and recommendation and concludes that the magistrate judge did not err in recommending that the ALJ's decision be

---

[1] In addition, "if the act to be done is filing a paper in court [on] a day on which whether or other conditions make the clerk's office inaccessible," that day will also be excluded as the last day of the period. Fed. R. Civ. 6(a)(3).

3

vacated and remanded for the limited purposes set forth in the report and recommendation. Although it is a close call, it is appropriate to require the ALJ to re-examine Plaintiff's reported medication side effects and resulting limitations, as well as his rejection of Dr. Minecan's opinion, in light of the concerns raised in the report and recommendation.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 30, 2008 (docket no. 14), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **reversed and remanded** pursuant to sentence four of 42 U.S.C. § 405(g) for (1) re-evaluation of Plaintiff's reported side effects from his medication and the resulting limitations from those side effects; and (2) re-evaluation of Dr. Minecan's February 2007 medical assessment of Plaintiff's ability to do work-related activities.

This case is **concluded**.


Dated: November 24, 2008                          /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE